UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Future Proof Brands, LLC,                                      Case No. 21-cv-0741 (WMW/TNL)

Plaintiff,

**ORDER GRANTING IN PART AND**
v.                                                              **DENYING IN PART DEFENDANT'S**
**MOTION TO DISMISS**

BevSource, Inc. et al.,

Defendants.

---

This matter is before the Court on Defendant Crown Valley Winery, Inc.'s (Crown Valley) motion to dismiss and for attorneys' fees and cost. (Dkt. 31.) For the reasons addressed below, Crown Valley's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Future Proof Brands, LLC, doing business as BeatBox Beverages, LLC (BeatBox), is a Texas company that sells packaged alcoholic beverages. Crown Valley is a Missouri corporation that manufactures and packages alcoholic beverages. Defendant BevSource, Inc. (BevSource), is a Minnesota corporation that consults with beverage companies about product development and beverage operations services.

In 2019, BeatBox and Crown Valley entered into a Manufacturing Agreement, in which Crown Valley agreed to manufacture BeatBox's packaged alcoholic beverage known as "Brizzy." In the Manufacturing Agreement, Crown Valley warranted that it would use the "same degree of care" it provided to Crown Valley's own products, that it would ensure the manufacturing was "in accordance with acceptable industry practices,"

and that it would produce and package Brizzy in material accordance with BeatBox's specifications. From September 2019 through February 2020, Crown Valley manufactured cases of Brizzy. During this manufacturing period, Crown Valley worked with BevSource to do so.

In 2020, consumers, distributors and Crown Valley reported that more than 30,000 cases of Brizzy suffered from a leaking defect. BevSource performed an internal investigation and determined that the primary cause of the leaks was "the lack of corrective actions and inspections during production fill of Brizzy." BevSource's investigation into Crown Valley's manufacturing processes identified low levels of fill height and weight along with elevated dissolved oxygen levels that, according to BevSource, indicated that Crown Valley did not manufacture Brizzy according to BeatBox's specifications.

BeatBox commenced this action in March 2021, advancing five claims: breach of contract, breach of warranty, negligence, breach of the implied covenant of good faith and fair dealing, and negligent misrepresentation. Crown Valley moves to dismiss BeatBox's breach-of-warranty, negligence, and negligent-misrepresentation claims and seeks attorneys' fees and costs.

## ANALYSIS

A complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint fails to state a claim on which relief can be granted, dismissal is warranted. *See* Fed. R. Civ. P. 12(b)(6). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all

reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded by the district court. *See Iqbal*, 556 U.S. at 679.

## I.     Breach-of-Warranty Claim

Crown Valley argues that BeatBox fails to plead the required elements of a breach-of-express-warranty claim. BeatBox disagrees.

The elements of a breach-of-express-warranty claim under Missouri law[1] are: "(1) the defendant sold goods to the plaintiff; (2) the seller made a statement of fact about the kind or quality of those goods; (3) the statement was a fact that was a material factor inducing the buyer to purchase the goods; (4) the goods did not conform to that statement

---

[1]     The Manufacturing Agreement between Crown Valley and BeatBox contains a choice-of-law provision, which provides that "[t]his Agreement, and all claims, controversies and disputes arising under the subject matter of this Agreement, shall be construed under the laws of the state of Missouri." "A federal court sitting in diversity employs the choice of law principles of the forum state when deciding whether a contractual choice of law provision applies." *Katch, LLC v. Sweetser*, 143 F. Supp. 3d 854, 865 (D. Minn. 2015). Minnesota generally enforces choice-of-law provisions, applying the substantive law agreed to by the parties. *Id.* at 866 (citing *Schwan's Sales Enters., Inc. v. SIG Pack, Inc.*, 476 F.3d 594, 596 (8th Cir. 2007). When a choice-of-law provision "is broadly worded to include any and all claims arising out of the contract, it applies to the plaintiff's related tort claims." *Id.* A choice-of-law provision also governs a tort claim when the "tort claim requires interpreting a related contract's terms." *Id.* at 867. The parties do not dispute that Missouri law governs BeatBox's claims.

of fact; (5) the nonconformity injured the buyer; and (6) the buyer notified the seller of the nonconformity in a timely manner." *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 122 (Mo. 2010).

The first element of a breach-of-express-warranty claim requires a plaintiff to allege that the defendant sold goods to the plaintiff. *Id.* BeatBox alleges that Crown Valley sold 30,000 cases of Brizzy to BeatBox. In doing so, BeatBox plausibly pleads the first element of a breach-of-express-warranty claim.

The second element of a breach-of-express-warranty claim requires a plaintiff to allege that the seller made a statement of fact about the kind or quality of those goods. *Id.* The Manufacturing Agreement, which is attached to and necessarily embraced by the complaint, expressly provides the required standards and qualities as to how Brizzy would be manufactured. *See Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) ("Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." (internal quotation marks omitted)). BeatBox plausibly pleads the second element of a breach-of-express-warranty claim.

The third element of a breach-of-express-warranty claim requires a plaintiff to allege that the defendant's statement of fact about the quality of the goods was a material factor that induced the buyer to purchase the goods. *Renaissance Leasing*, 322 S.W.3d at 122. The standards and quality of production are detailed in the Manufacturing Agreement, which reasonably suggests that those manufacturing requirements were a material factor in BeatBox's decision to purchase the Brizzy products from Crown Valley. *Cf. State ex rel.*

*Riverside Pipeline Co. v. Pub. Serv. Comm'n of State*, 215 S.W.3d 76, 84 (Mo. 2007) ("A contract must be construed as a whole so as to not render any terms meaningless, and a construction that gives a reasonable meaning to each phrase and clause and harmonizes all provisions is preferred over a construction that leaves some of the provisions without function or sense."). The complaint also expressly alleges that these representations were material to BeatBox's purchasing decision and that "BeatBox would not have entered into any agreement with" Defendants if BeatBox had reason to know that these representations would not be upheld. BeatBox plausibly pleads the third element of a breach-of-express-warranty claim.

The fourth element of a breach-of-express-warranty claim requires a plaintiff to allege that the goods sold did not conform to the defendant's warranties. *See Renaissance Leasing*, 322 S.W.3d at 122. BeatBox alleges that the manufactured Brizzy products were defective, which is not in material accordance with the product specifications in the Manufacturing Agreement. In doing so, BeatBox alleges, Crown Valley manufactured more than 30,000 cases of defective Brizzy. BeatBox plausibly pleads the fourth element of a breach-of-express-warranty claim.

The fifth element of a breach-of-express-warranty claim requires a plaintiff to allege that the nonconformity injured the buyer. *Id.* BeatBox alleges that it was harmed financially and reputationally by Crown Valley's nonconformity to Crown Valley's express warranties. BeatBox alleges that it was unable to sell thousands of cases of Brizzy. And because consumers and wholesalers sought to return Brizzy due to the leaking defect, those purchasers lost faith in the quality of BeatBox's product, resulting in reputational

harm to BeatBox.  BeatBox plausibly pleads the fifth element of a breach-of-express-warranty claim.

The sixth element of a breach-of-express-warranty claim requires a plaintiff to allege that the buyer notified the seller of the nonconformity in a timely manner.  *Id.* BeatBox alleges that BevSource, a consulting firm, performed an investigation about why the cases of Brizzy were leaking.  BevSource drafted a report of its findings and recommendations and provided that report to Crown Valley.  BeatBox's allegation that BevSource consulted with Crown Valley about how to remedy the defects in the manufacturing process plausibly suggests that Crown Valley received notice of the nonconformity.  Thus, BeatBox plausibly pleads the sixth element of a breach-of-express warranty claim.

Because BeatBox plausibly alleges each element of a breach-of-express-warranty claim, the Court denies Crown Valley's motion to dismiss this claim.

## II.    Negligence Claim

Crown Valley argues that BeatBox's negligence claim is barred by the economic-loss doctrine.  BeatBox counters that the economic-loss doctrine is not an absolute affirmative defense at the motion-to-dismiss stage.

The economic-loss doctrine prohibits a commercial buyer of goods "from seeking to recover in tort for economic losses that are contractual in nature."  *Autry Morlan Chevrolet Cadillac, Inc. v. RJF Agencies, Inc.*, 332 S.W.3d 184, 192 (Mo. Ct. App. 2010). Recovery in tort for purely economic damages is limited to cases in which there is personal injury, damage to property other than the goods sold, or destruction of the property sold

because of a violent occurrence. *Id.* In an action involving a commercial transaction between merchants, unless a negligence claim to recover economic losses is independent of the contract, the negligence claim is precluded by the economic loss doctrine. *Id.*

The Manufacturing Agreement expressly provides the duty of care and standards that support BeatBox's negligence claim. The Manufacturing Agreement provides, in pertinent part:

> 9. **Degree of Care; Warranties.** [Crown Valley] shall use the same degree of care, but not the same methods, in making and storing the Product that [Crown Valley] uses in making and storing its own products, in all events in accordance with acceptable industry practices and with the procedures set forth in **Exhibit A** to [the Manufacturing Agreement] . . . .

> . . .

> 11. **Representations and Warranties.** The warranties and representations set forth herein shall survive the termination of this Agreement.

> . . .

> b. [Crown Valley] represents, warrants and covenants to [BeatBox] that . . . (ii) all Products will be produced and packaged in material accordance with [BeatBox's] specifications; (iii) it will follow industry standard manufacturing practices in the production of the Product; and (iv) the production, packaging, and sale by it to [BeatBox] of the Products, pursuant to the terms and conditions of this Agreement, are in material accordance with all applicable laws and regulations dealing with the production, storage, distribution and sale of Products containing alcohol.

In pleading its negligence claim, BeatBox alleges that Crown Valley failed to "exercise reasonable care to develop and manufacture non-defective product in conformance with product specifications; and . . . follow industry standard manufacturing

practices in the production of the BeatBox product."  As these are the duties that Crown Valley must perform under the Manufacturing Agreement, BeatBox has not alleged negligence "independent of the contract," *Nestlé Purina Petcare Co. v. Blue Buffalo Co.*, 181 F. Supp. 3d 618, 638 (E.D. Mo. 2016), and the economic-loss doctrine precludes BeatBox's negligence claim.

BeatBox seeks to avoid this result by attempting to convert its negligence claim into a breach-of-implied-warranty claim.  But because BeatBox cannot alter its pleading through its response memorandum of law to a motion to dismiss, this argument is unavailing.  *See Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (observing that "it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss" (internal quotation marks omitted)).

BeatBox next argues that the economic-loss doctrine does not apply because BeatBox and Crown Valley have a "special relationship."  Missouri courts have declined to extend the economic-loss doctrine to cases that involve special relationships such as those involving real property or a fiduciary relationship.  *See Mea Fin. Enters., LLC v. Fiserv Sols., Inc.*, No. 13-05041-CV-SW-BP, 2013 WL 12155467, at *3 (W.D. Mo. Oct. 16, 2013) (collecting cases).  BeatBox relies on an unpublished district court decision in which the court declined to dismiss a negligence claim based on the economic-loss doctrine because there could be a "special relationship" between the parties.  *Owen Cont'l Dev., LLC v. Vill. Green Mgmt. Co.*, No. 4:11CV1195 FRB, 2011 WL 5330412, at *3 (E.D. Mo. Nov. 4, 2011).  But the circumstances in *Owen Continental* are distinguishable.  The agreement between the parties was unavailable to the court.  *Id.*  Here, BeatBox attached

the Manufacturing Agreement to the complaint, and Crown Valley does not challenge its authenticity.  The contract between the parties is "necessarily embraced by the complaint," and the Court may consider it without converting the motion to dismiss into a motion for summary judgment.  *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012).  The Manufacturing Agreement involves Crown Valley selling BeatBox packaged alcoholic beverages and does not create a special relationship, such as a fiduciary relationship.  BeatBox does not dispute this argument.  Instead, BeatBox incorrectly asserts that the Court cannot resolve this question because it would require the Court's interpretation of the Manufacturing Agreement.  Because there is no special relationship between the parties that precludes the application of the economic-loss doctrine, however, this argument is unavailing.

Accordingly, the Court grants Crown Valley's motion to dismiss BeatBox's negligence claim because it is barred under Missouri law by the economic-loss doctrine.

### III.    Negligent-Misrepresentation Claim

Crown Valley argues that BeatBox's negligent-misrepresentation claim is barred by the economic-loss doctrine.  BeatBox counters that it has alleged harm independent of the Manufacturing Agreement that precludes the application of the economic-loss doctrine.

To plausibly plead negligent misrepresentation a plaintiff must allege: "(1) a false, material representation, (2) the speaker's knowledge of its falsity or . . . ignorance of the truth, (3) the speaker's intent that the hearer act upon the representation in a manner reasonably contemplated, (4) the hearer's ignorance of the falsity of the representation, (5) the hearer's reliance on its truth, (6) the hearer's right to rely thereon, and (7) the

hearer's consequent and proximately caused injury." *Roth v. Equitable Life Assurance Soc'y of U.S.*, 210 S.W.3d 253, 258 (Mo. Ct. App. 2006). The parties do not dispute that BeatBox plausibly pleads the elements of negligent misrepresentation. They dispute whether this claim is barred by the economic-loss doctrine as being duplicative of BeatBox's contractual claims.

"Under the economic loss doctrine, Missouri courts will bar tort claims that seek to recover for economic losses unless the claims are based on misrepresentations that are *independent* of the contract." *Nestle*, 181 F. Supp. 3d at 638 (emphasis added). "Two key factors in examining whether a fraud claim is independent of a contract claim under the economic loss doctrine are: (1) whether the subject matter of the alleged misrepresentations was incorporated into the parties' contract; and (2) whether the plaintiff suffered additional damages outside the contract as a result of the alleged fraud." *Id.*

As to the first factor, the Manufacturing Agreement provides that Crown Valley's manufacturing would meet certain quality standards. BeatBox alleges that Crown Valley's misrepresentations involve Crown Valley's inability to package products consistent with BeatBox's protocols, specifications and procedures. These protocols, specifications and procedures are expressly identified in the Manufacturing Agreement. Therefore, the "subject matter of the alleged misrepresentations was incorporated into the parties' contract," which demonstrates that BeatBox's negligent-misrepresentation claim is not independent of the contract. *Id.*

As to the second factor, BeatBox argues that it has suffered damages outside the contract because Crown Valley's misrepresentations—namely, that Crown Valley would

be capable of performing its obligations under the contract—fraudulently induced BeatBox to sign the contract. *See Spring Lake Pork, LLC v. Great Plains Mgmt., L.L.C.*, No. 2:19 CV 18 CDP, 2020 WL 3542292, at *3 (E.D. Mo. June 30, 2020) (holding that when "an alleged misrepresentation pertains to a party's *ability* to perform under a contract, the misrepresentation may be actionable in fraud"). If Crown Valley misrepresented its abilities and those misrepresentations *induced* BeatBox to sign the contract, then BeatBox's negligent-misrepresentation claim survives a motion to dismiss. *Id.*

BeatBox alleges that it "would not have entered into any agreement with" Crown Valley if BeatBox knew that Crown Valley could not comply with the terms of the Manufacturing Agreement. BeatBox also alleges that Crown Valley "did not have the capabilities required to manufacture and/or package BeatBox's products." Because BeatBox alleges that Crown Valley misrepresented Crown Valley's ability to perform under the terms of the Manufacturing Agreement and those misrepresentations induced BeatBox to sign the Manufacturing Agreement, BeatBox has alleged harm "outside the contract." *Nestlé*, 181 F. Supp. 3d at 638. Under the second *Nestlé* factor, BeatBox has plausibly alleged a negligent-misrepresentation claim that is independent of BeatBox's contractual claims.

Accordingly, the Court denies Crown Valley's motion to dismiss BeatBox's negligent-misrepresentation claim.

## IV.    Punitive and Restitution Damages

Crown Valley argues that the type of damages BeatBox seeks is precluded by the Manufacturing Agreement.

"[T]he selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type." *Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C.*, 635 F.3d 1106, 1108 (8th Cir. 2011) (quoting 5 Wright & Miller, Federal Practice and Procedure: Civil 3d § 1255 at 508–09 (3d ed. 2004)); *see also Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (stating that "the demand [for relief] is not itself a part of the plaintiff's claim and so failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6)" (internal citations omitted)); *Laird v. Integrated Res., Inc.*, 897 F.2d 826, 841–42 (5th Cir. 1990) (asserting that the court has "consistently interpreted [Rule 8(a)(3)] to allow a plaintiff any relief that the pleaded claim supports; requesting an improper remedy is not fatal"); *Schoonover v. Schoonover*, 172 F.2d 526, 530 (10th Cir. 1949) (explaining that "the prayer forms no part of the cause of action, and . . . a pleader will be entitled to the relief made out by the case and stated in the pleadings, irrespective of what is asked for in the prayer"). "The amount of damages to be recovered is based upon the proof, not the pleadings." *Dingxi*, 635 F.3d at 1108–09.

For the reasons addressed above, BeatBox has plausibly alleged its breach-of-warranty and negligent-misrepresentation claims. Because the propriety of the relief BeatBox seeks is irrelevant when evaluating a motion to dismiss, the Court need not address the propriety of the relief BeatBox seeks. For these reasons, the Court declines to address Crown Valley's damages argument at this stage.

## V. Attorneys' Fees

Crown Valley also seeks an award of attorneys' fees and costs. "[W]hen a claim for attorney's fees is based on a contract provision allowing the prevailing party to recover fees, the trial court must comply with the terms of the contract and award attorney's fees to the prevailing party." *Clark v. Kinsey*, 558 S.W.3d 573, 579 (Mo. Ct. App. 2018). A "prevailing party" is "the party prevailing on the main issue in dispute." *Id.* (internal quotation marks omitted).

Here, the Manufacturing Agreement includes an attorneys' fee provision that permits an award of attorneys' fees to the "prevailing party" in a dispute. At this stage in the litigation, however, no party has prevailed on the main issue in dispute. Because it is too early to address the issue of attorneys' fees, the Court denies Crown Valley's request for attorneys' fees as premature.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Crown Valley Winery, Inc.'s motion to dismiss, (Dkt. 31), is **GRANTED IN PART AND DENIED IN PART** as follows:

1.      Crown Valley's motion to dismiss is **GRANTED** as to Plaintiff Future Proof Brands, LLC's negligence claim, and that claim as asserted against Crown Valley is **DISMISSED WITH PREJUDICE**.

2.      Crown Valley's motion to dismiss is **DENIED** in all other respects.

Dated:  December 6, 2021

s/Wilhelmina M. Wright  
Wilhelmina M. Wright  
United States District Judge