# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Future Proof Brands, LLC, dba Beatbox Beverages, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BevSource, Inc., a Minnesota corporation; Crown Valley Winery, Inc., dba Crown Valley Winery, a Missouri corporation, and Does 1-10,<br><br>Defendants. | Case No. 0:21-cv-00741-WMW-TNL<br><br>**DEFENDANT BEVSOURCE, INC.'S ANSWER TO CROSSCLAIM AND CROSSCLAIM** |

Defendant BevSource, Inc. ("BevSource"), as and for its Answer to the Crossclaim of Defendant Crown Valley Winery, Inc. ("Crown Valley"), states and alleges as follows. BevSource denies each and every allegation contained in Crown Valley's Crossclaim unless specifically admitted herein.

## ANSWER

1. To the extent the Federal Rules of Civil Procedure require a response from BevSource to Paragraph 1 of Crown Valley's Crossclaim, BevSource incorporates the general denial stated above and the following paragraphs of this Answer to Crossclaim and of its previously-filed Answer to Plaintiff's Complaint as if set forth in full herein.

2. In regard to the allegations stated in Paragraph 2 of Crown Valley's Crossclaim, BevSource admits only that there is a Master Services Agreement dated

November 1, 2018 and executed between BevSource and Plaintiff, the terms of which speak for itself.

3. In regard to the allegations stated in Paragraph 3 of Crown Valley's Crossclaim, BevSource admits only that there is a Manufacturing Agreement executed between Crown Valley and Plaintiff, the terms of which speak for itself.

4. In regard to the allegations stated in Paragraph 4 of Crown Valley's Crossclaim, BevSource admits only that the terms of its November 1, 2018 Master Services Agreement with Plaintiff speak for themselves.

5. In regard to the allegations stated in Paragraph 5 of Crown Valley's Crossclaim, BevSource admits only that the terms of its Master Services Agreement with Plaintiff speak for themselves. BevSource specifically denies that it oversaw and directed all aspects of the production of Brizzy and puts Crown Valley to its burden of proof.

6. BevSource denies the allegations contained in Paragraph 6 of Crown Valley's Crossclaim and puts Crown Valley to its burden of proof.

**COUNT I (Indemnity and Contribution)**

7. To the extent the Federal Rules of Civil Procedure require a response from BevSource to Paragraph 7 of Crown Valley's Crossclaim, BevSource incorporates the general denial stated above and the above-stated paragraphs of this Answer as if set forth in full herein.

8. In regard to the allegations stated in Paragraph 8 of Crown Valley's Crossclaim, BevSource states that the allegations contained in Plaintiff's Complaint in this matter speak for themselves.

9. BevSource denies the allegations contained in Paragraph 9 of Crown Valley's Crossclaim and puts Crown Valley to its burden of proof.

10. BevSource denies the allegations contained in Paragraph 10 of Crown Valley's Crossclaim and puts Crown Valley to its burden of proof.

11. BevSource denies the allegations contained in Paragraph 11 of Crown Valley's Crossclaim and puts Crown Valley to its burden of proof.

12. In regard to the allegations contained in Paragraph 12 of Crown Valley's Crossclaim, BevSource specifically denies that BevSource caused or contributed to any damages alleged by Plaintiff and further denies that Crown Valley is entitled to any judgment against BevSource.

## **AFFIRMATIVE DEFENSES**

13. For its first affirmative defense, BevSource asserts that Crown Valley's Crossclaim fails to state a claim upon which relief can be granted.

14. For its second affirmative defense, BevSource asserts that the claims made in Crown Valley's Crossclaim are barred in whole or in part by the doctrines of estoppel, unclean hands, release, accord and satisfaction, and/or waiver.

15. For its third affirmative defense, BevSource asserts that the claims made in Crown Valley's Crossclaim were caused, in whole or in part, by the actions or inactions of

3
LEGAL\55668598\2

Crown Valley and/or independent third parties over whom BevSource had no control or right to control.

16. For its fourth affirmative defense, BevSource asserts that Crown Valley's claims are barred in whole or in part by Crown Valley's own negligence, contributory negligence, and/or assumption of the risk.

17. For its fifth affirmative defense, BevSource asserts that Crown Valley's claims are barred because all of BevSource's work on the project at issue was performed in compliance with all governing contracts and in a professional, non-negligent manner compliant with all applicable standards.

18. For its sixth affirmative defense, BevSource asserts that Crown Valley's claims are barred in whole or in part by Crown Valley's failure to mitigate its alleged damages.

19. For its seventh affirmative defense, BevSource asserts that Crown Valley's claims may be barred by a superseding, intervening cause.

20. For its eighth affirmative defense, BevSource asserts that Crown Valley's claims may be barred in whole or in part by spoliation of evidence.

21. BevSource reserves the right to assert additional defenses based on facts revealed in discovery.

## CROSSCLAIM AGAINST DEFENDANT CROWN VALLEY

For its Crossclaim against Crown Valley, BevSource hereby states and alleges as follows:

1. As more fully stated in Plaintiff's Complaint, Plaintiff has alleged that leaks in its product are attributable in whole or in part to the actions or negligence of the defendants, including BevSource and Crown Valley. BevSource specifically denies all allegations against it.

2. To the extent BevSource is ultimately found liable, in whole or in part, for claims or allegations in Plaintiff's Complaint, the damages associated therewith are due, in whole or in part, to the negligence, breach of contract, or other wrongful conduct of Crown Valley.

3. Accordingly, to the extent BevSource is ultimately found liable, in whole or in part, for claims or allegations in Plaintiff's Complaint, BevSource is entitled to contribution and/or indemnity from Crown Valley for any such damages based on common law.

Dated: January 10, 2022                    **COZEN O'CONNOR**

                                                 By:   /s/Heather L. Marx
                                                       Heather L. Marx, #321163
                                                       hmarx@cozen.com
                                                       Stephen M. Seeger, *pro hac vice*
                                                       sseeger@cozen.com
                                                       33 South Sixth Street, Suite 3800
                                                       Minneapolis, Minnesota 55402
                                                       Phone: (612) 260-9004
                                                       Fax: (612) 260-9084

                                               **ATTORNEYS FOR DEFENDANT BEVSOURCE, INC.**